CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
FEB 19 2014
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DAVID FITZGERALD LIGHTNER, | ) | CASE NO. 7:14CV00019 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| UNITED STATES BUREAU OF PRISONS, | ) | |
| ET AL., | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Defendant(s). | ) | |

David Fitzgerald Lightner, a federal inmate proceeding pro se, filed this civil rights action, which the court construed and docketed as a civil action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), with jurisdiction vested under 28 U.S.C. § 1331. Lightner alleges that the defendant prison officials discriminated against him because of his Moorish American National Government religious beliefs. After review of his submissions, the court concludes that his complaint must be summarily dismissed without prejudice.

I

Lightner's submissions indicate the following sequence of facts from which his claims arise. Lightner is a practicing "Moorish American" who "signed on to the 'Moorish American National Government" in 2012. (Compl. 1.) While he was an inmate at the United States Penitentiary in Lee County, Virginia ("USP Lee"), two religious volunteers from the Moorish American National Government ("MANG"), completed the required security paperwork to visit the prison and actually visited several times. These MANG volunteers also completed paperwork to become contractors providing religious services to inmates at USP Lee. Then, suddenly, the volunteers stopped coming to the prison. When Lightner asked the USP Lee

chaplains to contact the MANG volunteers to ask them to resume their religious visits to the prison, the chaplains refused. The chaplains informed Lightner that they recruited religious volunteers to meet the needs of the prison, and other Moorish volunteers were already visiting on a regular basis. Lightner asserts that these other Moorish volunteers were not of his MANG faith and, therefore, could not minister to him. He alleges that if he had contacted the MANG volunteers himself, they would have been permanently banned from visiting USP Lee.

Lightner has since been transferred from USP Lee to a federal prison facility in South Carolina. He exhausted administrative remedies and then filed this Bivens action against the USP Warden and other USP officials, including the chaplains. Lightner asserts that he was not provided with fair review of his complaints under the BOP administrative remedies procedures and asks this court to review those procedures. Specifically, he contends that the chaplains' actions reflected a preference for one Moorish faith over Lightner's MANG faith, in violation of BOP Program Statement P5360.09, regarding nondiscrimination in the accommodation of inmates' religious practices. As relief in this action, he seeks declaratory relief and costs.

## II

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). In order to state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In Bivens, the Supreme Court recognized that federal courts have authority under 28 U.S.C. § 1331 to award monetary damages to persons who prove deprivation of constitutional

rights through the conduct of federal officials. 403 U.S. at 392. An action under Bivens is almost identical to an action under 42 U.S.C. § 1983, except that the former is maintained against federal officials, while the latter is against state officials. See Carlson v. Green, 446 U.S. 14, 2425 (1980) (applying Bivens in prison context); Butz v. Economou, 438 U.S. 478, 504 (1978).

Inmates do not have a constitutionally protected right to a prison grievance procedure. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Because "there is no constitutional right to participate in grievance proceedings," id., Lightner's allegations that the defendants offered illegitimate or incorrect responses to his requests during the administrative remedy process, or violated prison procedures when they failed to reverse prior officials' administrative remedy findings on appeal, do not state constitutional claims and, as such, are not actionable under Bivens. Similarly, his claim that USP Lee officials violated a BOP program statement do not demonstrate that those actions violated Lightner's constitutional rights so as to be actionable under Bivens.

Finally, since Lightner is no longer incarcerated at USP Lee, he has no standing to seek declaratory relief regarding his attempts to have contact with MANG religious volunteers there. In the context of an action for declaratory relief, a plaintiff must be seeking more than a retrospective opinion that he was wrongly harmed by the defendant in the past. See, e.g., Ashcroft v. Mattis, 431 U.S. 171, 172 (1977) (per curiam). Lightner has made no such showing.

For the stated reasons, the court dismisses the complaint without prejudice under § 1915A(b)(1) as legally frivolous. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This ___ day of February, 2014.

Senior United States District Judge

3